# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**ANTHONY CLAYTOR,**

      **Petitioner,**

v.                                         **Civil Action No. 5:21-CV-148**
                                                           **Judge Bailey**

**PAUL ADAMS,** Warden,

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On August 23, 2021, the petitioner, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the legality of his sentence. [Doc. 1]. On October 7, 2021, respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgement. [Doc. 8]. On October 18, 2021, petitioner filed a response. [Doc. 10]. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgement be granted.

### II. Factual and Procedural History

In his petition, petitioner challenges the validity of a Disciplinary Hearing Officer ("DHO") hearing. As alleged in the petition, on February 23, 2021, officer C. Hampton

1

conducted a random search of the prison laundry area. Hampton found a grey mesh bag containing fifty orange strips of paper and an incident belonging to the petitioner. The orange strips of paper were taken to the health service officer and later identified as suboxone. Petitioner was then brought to a lieutenant's office, searched, and placed in the Special Housing Unit pending investigation. According to the DHO report, a DHO hearing was held on March 3, 2021, and petitioner was found to have committed the act of possessing drugs. The report indicates that the DHO relied upon the written report of Officer C. Hampton in making a finding that petitioner committed the act.

Petitioner argues that the DHO lacked sufficient evidence to support the findings of the report. Petitioner argues that the laundry area is a common area and that the fact that the laundry bag containing the suboxone also contained an incident report with his name on it is not enough to establish his ownership or possession. [Doc. 1 at 5].

In its memorandum in support of the motion, respondent raises two arguments supporting dismissal. First, that the petitioner received all due process rights afforded to him under the standard set forth in **Wolff v. McDonnell**, 418 U.S. 539 (1974). That case identified the following due process requirements for inmate disciplinary actions: (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative

assist him throughout the disciplinary process; and (5) the decision-maker must be impartial. **Wolff v. McDonnell**, 418 U.S. 539, 564–571 (1974). Respondent contends that these requirements were met; while petitioner does not directly challenge these in his petition, at the DHO hearing he indicated he did not know what he was being charged with. Respondent contends that petitioner received written notice of the violations on February 24, 2021. [Doc. 8 at 8].

Second, respondent argues that the DHO's findings were based on sufficient evidence. The Supreme Court has held that in prison disciplinary proceedings, the revocation of good time requires that the findings be "supported by some evidence in the record." **Superintendent, Massachusetts Corr. Inst., Walpole v. Hill**, 472 U.S. 445, 454 (1985). Respondent contends that the DHO achieved this standard by relying on the Officer's report and explaining that he found no logical reason why the laundry bag did not belong to petitioner. [Doc. 8 at 10].

In his response, petitioner argues, first, that the evidence in the record is insufficient to support the DHO's findings. He notes that the evidence did not include a photo of the grey mesh bag or a copy of the purported incident report found inside the bag. [Doc. 10 at 2]. He further contends that the DHO report incorrectly states that Officer D. Hall "identified the unknown orange strip that was found in the possession of inmate Claytor," when Hall's report did not mention the strips being in petitioner's possession. [Id.].

Second, petitioner contends that "the Fourth Circuit has circumscribed the use of the doctrine of constructive possession to support a finding of guilt in the context of prison disciplinary proceedings." [Id.]. (citing **McClung v. Shearin**, 90 F.App'x 444, 446 (4th Cir.

3

2004). He contends that it is therefore insufficient for evidence of constructive possession to meet the "some evidence" standard. [Id.].

### III. Legal Standard

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. *Pro Se* Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief, and this matter is due to be dismissed.

## IV. Discussion

This Court finds the respondent's motion persuasive.  The DHO's findings were supported by "some evidence in the record" as required by ***Superintendent, Massachusetts Corr. Inst., Walpole v. Hill***, 472 U.S. 445, 454 (1985).  Under ***Hill***, "[a]scertaining whether the 'some evidence' standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is ***any evidence*** in the record to support the disciplinary board's conclusion."  Syl. Pt. 2, ***Hill*** 472 U.S. 445 (1985) (emphasis added).  The DHO relied on the written report of Officer C. Hampton; the ***Hill*** standard does not require that the record include a photograph of the laundry bag or copy of the incident report found inside it.

Further, petitioner's reliance on ***McClung*** is misplaced.  Petitioner correctly points out that the Fourth Circuit held that "[c]onstructive possession provides 'some evidence' of guilt only when relatively few inmates have access to the area."  ***McClung v. Shearin***, 90 F. App'x 444, 446 (4th Cir. 2004).  However, this case is distinguishable from ***McClung***.  There, a sharpened instrument was found in McClung's living area; throughout the case, McClung took the position that 130 inmates had access to the area.  The Court found that "[i]f indeed McClung's cell was accessible by 130 inmates, we find that there was insufficient evidence to connect him to the weapon."  ***Id.*** at 445.  However, in this case, the DHO's finding that petitioner possessed the suboxone was not based *merely* on the fact that the laundry bag was found in a common area, but on the fact that the laundry bag contained an incident report bearing petitioner's name.  Accordingly, the

5

Court finds that the DHO's findings were based on some evidence in the record and this case should be dismissed.

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [**Doc. 8**] be **GRANTED**, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes

the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: November 17, 2021.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE